UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SPRUEL,

          Plaintiff,

  v.

ROGER WELD, COREY WALEY, JOHN THOMPSON, GARY MOWAT, RANDY SHOOPMAN, JOE WILLIAMS, CAROLINE KLATT, BECKY LEGHTON, KATHY RENINGER, and UNIDENTIFIED PARTIES,

          Defendants.

No. C10-5860 RBL/KLS

**REPORT AND RECOMMENDATION**
Noted for: January 21, 2011

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, but has failed to file a complete application to proceed *in forma pauperis* or to pay the full filing fee of $350.00. In addition, Plaintiff has refused all communications sent to him by this court. Accordingly, it is recommended that Plaintiff's application to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice for failure to prosecute.

**BACKGROUND**

Plaintiff filed a motion to proceed *in forma pauperis* and a Section 1983 civil rights complaint in the Eastern District of Louisiana. ECF Nos. 1 and 3. Plaintiff also filed motions for temporary restraining orders. ECF Nos. 5 and 10. District Judge Carl Barbier of the Eastern District of Louisiana transferred the case to this district on November 19, 2010.

REPORT AND RECOMMENDATION - 1

On November 22 and 29, 2010, the Clerk of this court sent letters to Plaintiff advising him of his case number in this court. ECF Nos. 13 and 14. Those letters were returned as undeliverable and marked "Refused by Inmate." ECF Nos. 15 and 17. On December 6, 2010, the Clerk sent a third letter to Plaintiff advising that his application to proceed *in forma pauperis* is deficient because Plaintiff failed to include an acknowledgement, authorization, and consent. ECF No. 16. The Clerk also advised Plaintiff that he had failed to provide summonses and service copies of his complaint. *Id.* That letter was returned as undeliverable and marked "Refused by Inmate." ECF No. 18.

## DISCUSSION

**A.     Failure to Respond to Court Communications**

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe,* 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex. 1977)*; U.S. ex rel. Irons v. Com. of Pa.,* 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton,* 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974)*; Ward v. Werner,* 61 F.R.D. 639 (M.D.Pa. 1974). In addition, Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
>
> (1) Complete the *in forma pauperis* affidavit approved for use in this district; and

REPORT AND RECOMMENDATION - 2

> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Plaintiff has failed to provide a complete *informa pauperis* application. The court has attempted to communicate with Plaintiff regarding this failure, but Plaintiff has refused receipt of three letters from the court. Accordingly, this action should be dismissed for failure to prosecute.

**B.     28 U.S.C. § 1915(g) – Three Strikes Provision**

A review of court records also reveals that Plaintiff should not be granted *in forma pauperis* status because he previously filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed three or more civil actions *in forma pauperis* in the U.S. District Courts that have been dismissed as frivolous or for failure to state a claim. Those cases include *Spruel v. Walters,* CS-98-369RHW (U.S.D.C. Eastern District of Washington); *Spruel v. Lambert*, CT-99-5034WFN (U.S.D.C. Eastern District of Washington); *Spruel v. Lambert*, CT-99-5033RHW (U.S.D.C. Eastern District of Washington); *Spruel v. Lehman,* C00-5246FDB (U.S.D.C. Western District of Washington); *Spruel v. Hoare*, C00-5110RJB (U.S.D.C. Western District of Washington); and *Spruel v. Morgan*, C00-5046FDB (U.S.D.C. Western District of Washington).

REPORT AND RECOMMENDATION - 3

Thus, unless Plaintiff can show that he is under imminent danger of serious physical injury, his application to proceed *in forma pauperis* must be denied and the case dismissed unless Plaintiff pays the full $350.00 filing fee.  Because Plaintiff has refused all initial mailings to the court, however, this issue cannot be reached.

## CONCLUSION

In light of the foregoing, the court finds that Plaintiff has refused all communication from this court and that he has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action in a court of the United States that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted.  Accordingly, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED** and that this action be **Dismissed Without Prejudice** because Plaintiff has refused all communication from this court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 21, 2011,** as noted in the caption.

DATED this   5th   day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4